**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Modern Point, LLC, | ) Civil No.: _____ |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| | ) **(Jury Trial Demanded)** |
| ACU Development, LLC, | ) |
| Defendant. | ) |

**COMES NOW** Plaintiff Modern Point, LLC ("Plaintiff Modern"), for its complaint against Defendant ACU Development, LLC ("Defendant ACU"), states and alleges as follows:

### INTRODUCTION

1.      Plaintiff Modern is the owner of the MODERN POINT ACUPUNCTURE mark and brand ("MODERN POINT ACUPUNCTURE") for its acupuncture and therapeutic services at locations in the Minneapolis, Minnesota metropolitan area and Boulder, Colorado.

2.      Plaintiff Modern is also the owner of the logo mark ("MP Logo Mark") below for its acupuncture and therapeutic services at locations in the Minneapolis, Minnesota metropolitan area and Boulder, Colorado:



3.     Plaintiff Modern has established common law rights in the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and brands which pre-date the trademark rights of Defendant ACU in its confusingly similar marks discussed below.

4.     Defendant ACU seeks to open or has opened acupuncture clinics in Minnesota and Colorado under the confusingly similar MODERN ACUPUNCTURE Mark and logo below ("MA Logo Mark").



5.     Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark are being used with its acupuncture and therapeutic services.

6.      Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark are confusingly similar to the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and brands.

7.     Defendant ACU has continued to use these infringing marks despite Defendant ACU's actual notice of Plaintiff's prior common law trademark rights in Plaintiff's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

8.     Defendant ACU's continuing use of the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark have caused, and will continue to cause, confusion, or mistake, or deception as to the affiliation, connection, or association of Defendant ACU with Plaintiff Modern, or as to the origin, source, sponsorship, or approval of Defendant ACU's services by Plaintiff Modern.

9.     By using the nearly identical and confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark with its identical and/or similar acupuncture and therapeutic services, without the permission of Plaintiff Modern, Defendant, ACU is wrongfully trading on the significant goodwill and commercial success of Plaintiff MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and brands.

10.     Plaintiff Modern brings this action for trademark infringement, unfair competition, deceptive trade practices act, and other claims under the United States Lanham Act, § 43(a), 15 U.S.C. § 1125(a), *et seq*., and under Minnesota law.

11.     Plaintiff Modern asks this Court to stop Defendant ACU from its wrongful and illegal conduct in using the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark brands with its identical acupuncture services and therapeutic services, and to recover damages, attorneys' fees and costs.

## PARTIES

12.     Plaintiff Modern is a limited liability corporation duly organized and existing under the laws of the State of Minnesota with its principal place of business at 2810 29th Street, Unit A201, Boulder, Colorado 80301.

13.     Plaintiff Modern is also registered to do business in Colorado.

14.     Upon information and belief, Defendant ACU is a limited liability corporation duly organized and existing under the laws of the State of Arizona with its principal place of business at 14362 N. Frank Lloyd Wright Blvd., Suite 2400 in Scotsdale, Arizona 85260.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  Plaintiff Modern has asserted claims under the Lanham Act, 15 U.S.C. § § 1052(d), 1064, 1125(a), *et seq.* and 28 U.S.C. § 2201.

16.     This Court also has diversity of citizenship jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1332(a)(1), as the value of the damages, injunction and other relief requested (exclusive of costs and interest) exceeds $75,0000, and 28 U.S.C. § 1367.   Plaintiff Modern has asserted state law claims under Minn. Stat. § 325D.44 and Minnesota common law.

17.     This Court has personal jurisdiction over Defendant ACU pursuant to Fed. R. Civ. P. 4(k)(1)(A); Minn. Stat. § 543.19 subd. 1 (2018), because Defendant ACU is selling, or intending to sell, services in Minnesota under the infringing trademarks in the State of Minnesota.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 391(b) because, upon information and belief, Defendant ACU's conduct that forms the basis of Plaintiff Modern's claims occurred, in part, in this judicial district.

## FACTUAL BACKGROUND

19.     Plaintiff Modern is a clinic that provides acupuncture services and therapeutic services under the marks and brand name MODERN POINT ACUPUNCTURE and MP Logo.

- 4 -

20.     Plaintiff Modern is the owner of the common law marks MODERN POINT ACUPUNCTURE and MP Logo in Minnesota and Colorado in connection with acupuncture and therapeutic services.

21.     Plaintiff Modern has been operating in Minnesota under the MODERN POINT ACUPUNCTURE Mark and Logo Mark since at least 2012 and operating in Colorado since at least 2013.

22.     Plaintiff Modern has been operating in Minnesota and Colorado under the MP Logo Mark since at least 2013.

23.     Plaintiff Modern's Website touts traditional acupuncture to treat: sports injuries, pain, sleep issues, depression, stress, anxiety and depression, fertility issues, digestive issues, headaches, and allergies.   Plaintiff Modern also provides cosmetic acupuncture services.   Attached hereto as **Exhibit A** are true and correct copies of excerpts from Plaintiff Modern's Internet Website.

24.     In light of the consistent use for many years, Plaintiff Modern has developed considerable goodwill and recognition by consumers in its MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and brands.

25.     Plaintiff Modern has established common law trademark rights in the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

26.     Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark being used with its acupuncture and therapeutic services are confusingly similar to the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and brands used in connection with Plaintiff Modern's acupuncture and therapeutic services.

- 5 -

27.     Defendant ACU has continued to use these infringing marks despite Defendant ACU's actual notice of Plaintiff's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and prior common law rights.

28.     Defendant ACU's Website touts its traditional acupuncture to treat:  sports injuries; chronic and acute pain; insomnia, sleep disorders & depression; digestive disorders; stress & anxiety; allergies & respiratory issues; and migraines & headaches. Defendant ACU also provides cosmetic acupuncture services.  Attached hereto as **Exhibit B** are true and correct copies of excerpts from ACU's Internet Website.

29.     It has recently come to our attention that ACU plans to open a location in the Minneapolis, Minnesota metropolitan area and another facility close to Plaintiff Modern's facility in Boulder, Colorado.

30.     A recent photo of this facility under construction near Minnetonka, Minnesota is shown below:



31.     Defendant ACU's continuing use of the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark have caused, and will continue to cause, confusion, or mistake, or deception as to the affiliation, connection, or association of

Defendant ACU with Plaintiff Modern, or as to the origin, source, sponsorship, or approval of Defendant ACU's services by Plaintiff Modern.

32.     By using the nearly identical and confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark with its identical and/or similar acupuncture services and other therapeutic services, without the permission of Plaintiff Modern, Defendant ACU is wrongfully trading on the significant goodwill and commercial success of Plaintiff MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and brand and trademarks.

33.     Plaintiff Modern owns the <modernpointacupuncture.com> domain that prominently display its MODERN POINT ACUPUNCTURE Mark and MP Logo Mark and brands.

34.     Upon information and belief, Defendant ACU has wrongfully registered and has used in bad faith the infringing domain <modernacupuncture.com> since sometime between October 29, 2016 and May 14, 2017, in violation of Plaintiff Modern's common law trademark rights, and should be ordered to not use that domain in Minnesota and Colorado.

35.     Plaintiff Modern has spent a great deal of time and money on advertising its services under the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark. Accordingly, the consuming public knows Plaintiff Modern as the source of services bearing the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

36.     ACU's unauthorized MODERN ACUPUNCTURE Mark and MA Logo Mark are highly similar to Plaintiff's prior common law rights in the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark in Minnesota and Colorado.

37.     The acupuncture services and other therapeutic services sold by Defendant ACU under the unauthorized  MODERN ACUPUNCTURE Mark and MA Logo Mark are similar to and competitive with the services sold by Plaintiff Modern.

38.     Defendant ACU is the owner of Website that displays the MODERN ACUPUNCTURE Mark and MA Logo Mark with acupuncture services and other therapeutic services.

39.     All of Defendant ACU's trademark registrations for MA MODERN ACUPUNCTURE show a first use date of November 1, 2016 and filing dates in 2016 and 2017 which are all *after* Plaintiff Modern had already been using the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark with acupuncture services and therapeutic services.

40.     Specifically, ACU has the following registrations:

| Reg. No. | MARK | Services | First Use Date | Filing Date |
|---|---|---|---|---|
| 5,206,476 | MA MODERN ACUPUNCTURE | "Mixes for making tea; Tea bags; White tea; White lotus tea (Baengnyeoncha); Barley tea; Chai tea; Chinese matrimony vine tea (Gugijacha); Citron tea; Earl Grey tea; Fruit teas; Ginger tea; Ginseng tea; Green tea; Herbal tea; Jasmine tea; Kombucha tea; Lime tea; Oolong tea; Red ginseng tea; Rooibos tea; Rosemary tea; Sage | 11/1/16 | 8/30/16 |

| | | | | |
|---|---|---|---|---|
| | | tea," in IC 30<br><br>"Advice in the running of establishments as franchises; Assistance in business management and product commercialization, within the framework of a franchise contract; Franchise services, namely, offering business management assistance in the establishment and operation of Acupuncture clinics," in IC 35<br><br>"Acupuncture; Acupuncture services," in IC 44 | | |
| 5,403,642 | MODERN ACUPUNCTURE | "Advice in the running of establishments as franchises; Assistance in business management and product commercialization, within the framework of a franchise contract; Franchise services, namely, offering business management assistance in the establishment and operation of acupuncture clinics," IC 35 | 11/1/16 | 3/21/17 |
| 5,635,524 | MODERN ACUPUNCTURE<br><br>(Design Plus Words) | "Acupuncture, Acupuncture services," in IC 44 | 11/1/16 | 3/21/17 |
| 5,635,594 | | "Franchise services, namely, offering business management assistance in the establishment and operation of acupuncture clinics; Advice in the running of establishments as franchises; | 11/1/16 | 5/26/17 |

| | | Assistance in business management and product commercialization, within the framework of a franchise contract," in IC 35 | | |
|---|---|---|---|---|
| | | | | |

41.     There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

42.     For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

43.     Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

44.     On or around January 4, 2019, Plaintiff Modern sent a letter to Defendant ACU demanding, among other things, that Defendant ACU cease and desist from using the MODERN ACUPUNCTURE Mark and MA Logo Mark with acupuncture and other therapeutic services.

45.     Defendant ACU has failed to cease its unauthorized and misleading use of the MODERN ACUPUNCTURE Mark and MA Logo Mark in connection with acupuncture and therapeutic services.

46.     Defendant ACU has continued to use the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark after receiving this actual notice of Plaintiff Modern's superior rights and legitimate objections.

47.     Plaintiff Modern has been harmed by, and will continue to be harmed if, Defendant ACU's unfair and deceptive conduct is not enjoined.  Due to Defendant ACU's willful infringement, Plaintiff Modern is entitled to actual damages, including Defendant ACU's profits from the infringement and attorneys' fees and costs.

## COUNT I - FEDERAL UNFAIR COMPETITION
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

48.     Plaintiff Modern restates and incorporates by reference the allegations in Paragraphs 1-47.

49.     Plaintiff Modern has used the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark in interstate commerce in connection with acupuncture and therapeutic services described above.

50.     Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark are distinctive and consumers have come to associate the services branded with these marks as emanating from Plaintiff Modern.

51.     Plaintiff Modern's prior use of the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark penetrated the markets in Minnesota and Colorado.

52.     Plaintiff Modern has been operating in Minnesota and continuously used the MODERN POINT ACUPUNCTURE Mark in Minnesota since at least 2012.

53.     Accordingly, Plaintiff Modern has common law trademark rights in the MODERN POINT ACUPUNCTURE Mark in Minnesota since at least 2012.

54.     Plaintiff Modern has been operating in Colorado and continuously used the MODERN POINT ACUPUNCTURE Mark in Colorado since at least 2013.

55.     Accordingly, Plaintiff Modern has common law trademark rights in the MODERN POINT ACUPUNCTURE Mark in Colorado since at least 2013.

56.     Plaintiff Modern has continuously used the MP Logo Mark in Minnesota and Colorado since at least 2013.

57.     Accordingly, Plaintiff Modern has common law trademark rights in the MP Logo Mark in both Minnesota and Colorado since at least 2013.

58.     Plaintiff has a protectable interest in the MODERN POINT ACUPUNCTURE Mark and the MP Logo Mark in Minnesota and Colorado.

59.     There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

60.     For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

61.     Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

62.     Defendant ACU's use of MODERN ACUPUNCTURE Mark and MA Logo Mark are false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact.

63.     Defendant ACU's use of MODERN ACUPUNCTURE Mark and MA Logo Mark has caused, and is likely to continue to cause, confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant ACU with Plaintiff Modern, or as to the origin, sponsorship, or approval of ACU's service by Plaintiff Modern, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendant ACU's unlawful actions have caused, and will continue to cause, Plaintiff Modern irreparable harm unless enjoined.

65.     Defendant ACU has willfully undertaken the activities above and willfully intended to trade upon the goodwill of Plaintiff.

66.     Defendant ACU has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff Modern.

67.     Plaintiff MODERN has been damaged by Defendant ACU's unfair competition and is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116.

68.     Pursuant to 15 U.S.C. § 1117, Plaintiff MODERN is entitled to recover all of Defendant ACU's profits, Plaintiff Modern's damages, as well as the costs of this action.

69.     The intentional nature of Defendant ACU's unlawful acts renders this an "exceptional case," entitling Plaintiff MODERN to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II - TRADEMARK INFRINGEMENT
### (Minnesota Common Law)

70.     Plaintiff Modern restates and incorporates by reference the allegations in Paragraphs 1-69.

71.     Plaintiff Modern has been operating in Minnesota and continuously used the MODERN POINT ACUPUNCTURE Mark in Minnesota since at least 2012.

72.     Accordingly, Plaintiff Modern has common law trademark rights in the MODERN POINT ACUPUNCTURE Mark in Minnesota since at least 2012.

73.     Plaintiff Modern has continuously used the MP Logo Mark in Minnesota since at least 2013.

74.     Accordingly, Plaintiff Modern has common law trademark rights in the MP Logo Mark in Minnesota since at least 2013.

75.     Defendant ACU has unfairly used the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark to Plaintiff Modern's MODERN ACUPUNCTURE Mark and MP Logo Mark, whereby the ordinary purchaser, to Plaintiff Modern's and/or the public's detriment, has been, or is reasonably likely to be, deceived as to the true identity of the services, and/or business, and is misled into believing that he or she is getting Plaintiff Modern's services when he or she is in fact getting that of Defendant ACU.

76.     Defendant ACU's adoption and use of the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark constitute willful, deliberate, and

intentional trademark infringement in violation of the common law of the State of Minnesota.

77.     There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

78.     For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

79.     Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

80.     Defendant ACU's unlawful actions have caused, and will continue to cause, Plaintiff Modern irreparable harm unless enjoined.

81.     Defendant ACU has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff Modern.

82.     Defendant ACU's unlawful actions have caused Plaintiff Modern monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT III– UNFAIR COMPETITION
### (Minnesota Common Law)

83.     Plaintiff Modern restates and incorporates by reference the allegations in Paragraphs 1-82.

84.     Defendant ACU's use of MODERN ACUPUNCTURE Mark and MA Logo Mark in connection with its services has caused confusion, and will likely confuse consumers to mistakenly believe Defendant ACU's services are Plaintiff Modern's services.

85.     Defendant ACU's unlawful actions have caused, and will continue to cause, Plaintiff Modern irreparable harm unless enjoined.

86.     There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

87.     For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar   MODERN ACUPUNCTURE Mark and MA Logo Mark.

88.     Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

89.     Defendant ACU has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff Modern.  Defendant ACU's unlawful actions have caused Plaintiff Modern monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV - TRADEMARK INFRINGEMENT
### (Colorado Common Law)

90.     Plaintiff Modern restates and incorporates by reference the allegations in Paragraphs 1-106.

91.     Plaintiff Modern has been operating in Colorado and continuously used the MODERN POINT ACUPUNCTURE Mark in commerce since at least 2013.

92.     Accordingly, Plaintiff Modern has common law trademark rights in the MODERN POINT ACUPUNCTURE Mark in Colorado since at least 2013.

93.     Plaintiff Modern has continuously used the MP Logo Mark in commerce in Colorado since at least 2013.

94.     Accordingly, Plaintiff Modern has common law trademark rights in the MP Logo Mark in Colorado since at least 2013.

95.     Plaintiff has a protectable interest in the MODERN ACUPUNCTURE Mark and the MP Logo Mark in Colorado.

96.     Defendant ACU has unfairly used the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark to Plaintiff Modern's MODERN ACUPUNCTURE Mark and MP Logo Mark, whereby the ordinary purchaser, to Plaintiff Modern's and/or the public's detriment, has been, or is reasonably likely to be, deceived as to the true identity of the services, and/or business, and is misled into believing that he or she is getting Plaintiff Modern's service when he or she is in fact getting that of Defendant ACU.

97.     There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

98.     For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

99.     Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

100.    Defendant ACU's adoption and use of the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark constitute willful, deliberate, and intentional trademark infringement in violation of the common law of the State of Colorado.

101.    Defendant ACU's unlawful actions have caused, and will continue to cause, Plaintiff Modern irreparable harm unless enjoined.

102.    Defendant ACU has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff Modern.

103.    Defendant ACU's unlawful actions have caused Plaintiff Modern monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT V - DECEPTIVE TRADE PRACTICES
### (Minn. Stat. § 325D.44 (2018))

104.    Plaintiff Modern restates and incorporates by reference the allegations in Paragraphs 1-103.

105.   Plaintiff Modern is the owner of common law trademark rights for the trademark Modern's MODERN ACUPUNCTURE Mark and MP Logo Mark.

106.   Upon information and belief, Defendant ACU's adoption and use of the MODERN ACUPUNCTURE Mark and MA Logo Mark is an attempt to pass off its services as Plaintiff Modern's services, and has caused, and will continue to cause, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant ACU's services.  Minn. Stat. § 325D.44 (subd. 1(2)).

107.   There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

108.   For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

109.   Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

110.   Upon information and belief, Defendant ACU's adoption and use of the MODERN ACUPUNCTURE Mark and MA Logo Mark is an attempt to pass off its services as Plaintiff Modern's product, and has caused, and will continue to cause, a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another.  Minn. Stat. § 325D.44 (subd. 1(3)).

111.   Pursuant to Minnesota Statute § 325D.45, Plaintiff Modern is entitled to an injunction, attorneys' fees, lost profits, and special damages.

### COUNT VI – DECLARATORY JUDGMENT (28 U.S.C. § 2201)
### (Partial Cancellation of U.S. Reg. No. 5,206,476
### for mark MA MODERN ACUPUNCTURE)
### (Lanham Act § 2(d), 15 U.S.C. § 1052(d) & Lanham Act § 14, 15 U.S.C. 1064)

112.   Plaintiff Modern restates and incorporates by reference the allegations in Paragraphs 1-94.

113.   Defendant ACU is the holder of U.S. Reg. No. 5,206,476 for the mark MA MODERN ACUPUNCTURE in International Class 44 for the following services: "Acupuncture; Acupuncture Services," among other goods and services in different classes.

114.   Defendant ACU claims November 1, 2016 as its date of first use in U.S. Commerce of the MA MODERN ACUPUNCTURE mark.

115.   Plaintiff Modern has continuously and exclusively used the MODERN POINT ACUPUNCTURE Mark is connection with acupuncture and therapeutic services prior to Defendant ACU's claimed November 1, 2016 date of first use in commerce of the confusingly similar MODERN  POINT ACUPUNCTURE Mark.  As such, Plaintiff Modern has priority.

116.   The MODERN POINT ACUPUNCTURE Mark is recognized and relied upon by the relevant consumers as identifying Plaintiff Modern's services, and as distinguishing them from the services of others, and has come to represent and symbolize extremely valuable goodwill belonging exclusively to Plaintiff Modern.

- 20 -

117.   Plaintiff Modern has spent substantial time, effort and money promoting the services offered under the MODERN POINT ACUPUNCTURE Mark.

118.   There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

119.   For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar   MODERN ACUPUNCTURE Mark.

120.   Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

121.   Plaintiff Modern will be damaged by Defendant ACU's continued registration of the confusingly similar mark MA MODERN ACUPUNCTURE in International Class 44 for the following services:  "Acupuncture; Acupuncture Services" that are identical and/or similar to those offered under Plaintiff's MODERN POINT ACUPUNCTURE Mark.

122.   Plaintiff Modern is entitled to a judicial declaration holding that Plaintiff Modern has priority to the MODERN POINT ACUPUNCTURE Mark for acupuncture services and therapeutic services, and an order instructing the United States Patent and Trademark Office ("USPTO") to partially cancel U.S. Reg. No. 5,206,476 for the mark

MA MODERN ACUPUNCTURE in International Class 44 for the following services: "Acupuncture; Acupuncture Services."

123.  Plaintiff Modern is also entitled to a judicial declaration that awards Plaintiff Modern its costs and attorney's fees in this matter pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, and 28 U.S.C. § 1920.

**COUNT VII – DECLARATORY JUDGMENT (28 U.S.C. § 2201)**
**(Cancellation of U.S. Reg. No. 5,635,524**
**for mark MODERN ACUPUNCTURE & Design)**
**(Lanham Act § 2(d), 15 U.S.C. § 1052(d) & Lanham Act § 14, 15 U.S.C. 1064)**

124.  Plaintiff Modern restates and incorporates by reference the allegations in Paragraphs 1-94.

125.  Defendant ACU is the holder of U.S. Reg. No. 5,635,524 for the mark

MODERN ACUPUNCTURE in International Class 44 for the following services:   "Acupuncture; Acupuncture Services" ("the MA Design & MODERN ACUPUNCTURE Mark").

126.  Defendant ACU claims November 1, 2016 as its date of first use in U.S. Commerce of the MA Design & MODERN ACUPUNCTURE Mark.

127.  Plaintiff Modern has continuously and exclusively used the MODERN POINT ACUPUNCTURE and MP Logo Marks is connection with acupuncture and therapeutic services prior to Defendant ACU's claimed November 1, 2016 date of first use in commerce of the confusingly similar MA Design & MODERN ACUPUNCTURE Mark.  As such, Plaintiff Modern has priority.

128.    The MODERN POINT ACUPUNCTURE Mark and MP Logo Mark are recognized and relied upon by the relevant consumers as identifying Plaintiff Modern's services, and as distinguishing them from the services of others, and have come to represent and symbolize extremely valuable goodwill belonging exclusively to Plaintiff Modern.

129.    Plaintiff Modern has spent substantial time, effort and money promoting the services offered under the MODERN POINT ACUPUNCTURE Mark.

130.    There have been actual instances of confusion between Defendant ACU's MODERN ACUPUNCTURE Mark and MA Logo Mark with Plaintiff Modern's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

131.    For example, Plaintiff Modern has received calls from potential clients asking about acupuncture memberships that Plaintiff Modern does not offer, but instead are offered by Defendant ACU under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

132.    Others in the industry have asked Plaintiff Modern about its connection with Defendant ACU's acupuncture services provided under the confusingly similar MODERN ACUPUNCTURE Mark and MA Logo Mark.

133.    Plaintiff Modern will be damaged by Defendant ACU's continued registration of the confusingly similar MA Design & MODERN ACUPUNCTURE Mark in International Class 44 for the following services:  "Acupuncture; Acupuncture Services" that are identical and/or similar to those offered under Plaintiff's MODERN POINT ACUPUNCTURE Mark and MP Logo Mark.

134.    Plaintiff Modern is entitled to a judicial declaration holding that Plaintiff Modern has priority to the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark for acupuncture services, and an order instructing the USPTO to cancel U.S. Reg. No. 5,635,524 for the MA Design & MODERN ACUPUNCTURE Mark in International Class 44 for the following services: "Acupuncture; Acupuncture Services."

135.    Plaintiff Modern is also entitled to a judicial declaration that awards Plaintiff Modern its costs and attorney's fees in this matter pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, and 28 U.S.C. § 1920.

## JURY TRIAL DEMANDED

Plaintiff Modern demands a jury trial for all issues triable to a jury.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Modern prays for a judgment in its favor and against Defendant ACU ordering:

1.    That Defendant ACU, and each of its officers, directors, agents, servants, employees and representatives, and those persons acting in active concert or participation with them or any of them, be permanently enjoined and restrained from:

a)    Using on or in connection with offering services or for any purposes whatsoever, the designation or mark MODERN ACUPUNCTURE Mark, MA MODERN ACUPUNCTURE MARK, MA Design & MODERN ACUPUNCTURE Mark and MA Logo Mark in Minnesota and Colorado in connection with acupuncture and other therapeutic services, or on any service or product reasonably related thereto; and

b)    Representing by any means whatsoever, directly or indirectly, or taking any act calculated likely to cause confusion, mistake or deceive consumers into believing the Defendant ACU's services originated with or are the services of Plaintiff Modern in Minnesota or Colorado, or that there is any affiliation or

connection between Plaintiff Modern and Defendant ACU or their services and from otherwise unfairly competing with Plaintiff Modern;

2. That Defendant ACU immediately remove all postings for acupuncturist or other positions under the Modern Acupuncture name in Minnesota or Colorado from Indeed or other recruiting services;

3. That Defendant ACU, at its own expense, be required to recall and destroy all marketing materials, advertisements, flyers, brochures, displays, demos, or any other materials advertising, displaying, or promoting Defendant ACU's MODERN ACUPUNCTURE Mark, MA MODERN ACUPUNCTURE MARK, MA Design & MODERN ACUPUNCTURE Mark and MA Logo Mark services;

4. That Defendant ACU be required to edit any websites that incorporate any mark or design with MODERN ACUPUNCTURE Mark, MA MODERN ACUPUNCTURE MARK, MA Design & MODERN ACUPUNCTURE Mark and MA Logo Mark not in conformance with Section 1(a) above and to notify all third-party Web sites to remove any and all references to MODERN ACUPUNCTURE Mark, MA MODERN ACUPUNCTURE MARK, MA Design & MODERN ACUPUNCTURE Mark and MA Logo Mark;

5. That Defendant ACU provide an accounting of profits and sales of all services in provided in Minnesota or Colorado under the MODERN ACUPUNCTURE Mark, MA MODERN ACUPUNCTURE MARK, MA Design & MODERN ACUPUNCTURE Mark and MA Logo Mark;

6.    That Defendant ACU pay to Plaintiff Modern three times Plaintiff Modern's losses, or Defendant ACU's profits attributable to trademark infringement, whichever is higher;

7.    Forfeiting Defendant ACU's domain name <modernacupuncture.com> and transferring same to Modern;

8. Plaintiff Modern is entitled to a judicial declaration holding that Plaintiff Modern has priority to the MODERN POINT ACUPUNCTURE Mark for acupuncture services and therapeutic services, and an order instructing the USPTO to partially cancel U.S. Reg. No. 5,206,476 for the mark MA MODERN ACUPUNCTURE in International Class 44 for the following services:  "Acupuncture; Acupuncture Services."

9.    Declaration that Plaintiff Modern has priority to the MODERN POINT ACUPUNCTURE Mark and MP Logo Mark for acupuncture services, and an order instructing the United States Patent and Trademark Office ("USPTO") to cancel U.S. Reg. No. 5,635,524 for the mark MODERN ACUPUNCTURE Mark in International Class 44 for the following services:  "Acupuncture; Acupuncture Services."

10. That Defendant ACU pay Plaintiff Modern's reasonable investigation fees, litigation costs, and attorneys' fees; and

11.    Any other relief the Court deems just and necessary.

Dated:  March 13, 2019

WINTHROP & WEINSTINE, P.A.

*/s/ Tiffany A. Blofield*
Tiffany A. Blofield, #0237279
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 604-6684
Facsimile:   (612) 604-6800
Tblofield@winthrop.com

***Attorneys for Plaintiff Modern Point, LLC***

16808978v1